| CIRCUIT COURT SUMMONS | | NASHVILLE, TENNESSEE |
|---|---|---|

FILED
2013 DEC 13 [AM 9:20]

**STATE OF TENNESSEE
DAVIDSON COUNTY
20th JUDICIAL DISTRICT**

RICHARD R. ROOKER, CLERK

☒ First
☐ Alias
☐ Pluries

Vallean Hare

**Plaintiff**

Vs.

State Farm Fire & Casualty Company

c/o Tennessee Department of Commerce and Insurance

500 James Robertson Parkway

Nashville, Tennessee 37243

**Defendant**

CIVIL ACTION
DOCKET NO. 13C5045

**Method of Service:**
☐ Davidson County Sheriff
☐ Out of County Sheriff
☐ Secretary of State
☐ Certified Mail
☐ Personal Service
☒ Commissioner of Insurance

**To the above named Defendant:**

You are summoned to appear and defend a civil action filed against you in the Circuit Court, 1 Public Square, Room 302, P.O. Box 196303, Nashville, TN 37219-6303, and your defense must be made within thirty (30) days from the date this summons is served upon you. You are further directed to file your defense with the Clerk of the Court and send a copy to the Plaintiff's attorney at the address listed below.

In case of your failure to defend this action by the above date, judgment by default will be rendered against you for the relief demanded in the complaint.

ISSUED: _____

**RICHARD R. ROOKER**
Circuit Court Clerk
Davidson County, Tennessee

By: _____
Deputy Clerk

| ATTORNEY FOR PLAINTIFF or PLAINTIFF'S ADDRESS | Colin B. Calhoun |
|---|---|
| | 201 Fourth Avenue North, Suite 1450 |
| | Address |
| | Nashville, Tennessee 37219 |

**TO THE SHERIFF:**

Please execute this summons and make your return hereon as provided by law.

**RICHARD R. ROOKER**
Circuit Court Clerk

Received this summons for service this _____ day of _____, 20____.

**SHERIFF**

♿ To request an ADA accommodation, please contact Dart Gore at (615) 880-3309.

IN THE CIRCUIT COURT FOR DAVIDSON COUNTY, TENNESSEE
AT NASHVILLE

| | |
|---|---|
| VALLEAN HARE, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Civil Action No.: 13C5045 |
| ) | JURY DEMAND (12) |
| STATE FARM FIRE & CASUALTY ) | |
| COMPANY, ) | |
| ) | |
| Defendant. ) | |

## COMPLAINT

Comes now the Plaintiff, Vallean Hare (hereinafter "Plaintiff" or more commonly "Ms. Hare"), by and through counsel, and for cause of action against the Defendant, State Farm Fire & Casualty Company (hereinafter "Defendant" or more commonly "State Farm"), would state and show unto the Court the following:

### I. Parties

1. Ms. Hare is a citizen and resident of Nashville, Davidson County, Tennessee. At all times material hereto, Ms. Hare has owned improved residential real property located at 704 South Summerfield Drive, Madison, Davidson County, Tennessee 37115.

2. State Farm is a foreign insurance company licensed to participate in the casualty insurance business within the state of Tennessee. State Farm may be served with process through the Tennessee Department of Commerce and Insurance, 500 James Robertson Parkway, Nashville, Tennessee 37243.

### II. Jurisdiction and Venue

3. Paragraphs one and two of the Complaint are hereby incorporated by reference as

1

if set forth herein pursuant to Tenn. R. Civ. P. 10.04.

4. Subject matter jurisdiction over this civil action is proper pursuant to Tenn. Code Ann. §§ 16-10-101 and 16-10-106.

5. Venue for a trial on the merits in Davidson County, Tennessee is proper pursuant to Tenn. Code Ann. § 20-4-103.

### III. Factual Background

6. Paragraphs one through five of the Complaint are hereby incorporated by reference as if set forth herein pursuant to Tenn. R. Civ. P. 10.04.

7. At all times material hereto, Ms. Hare and State Farm were parties to an insurance contract whereby State Farm agreed to insure improved residential real property located at 704 South Summerfield Drive, Nashville, Davidson County, Tennessee 37115 (hereinafter "Insured Premises") against property damage. The insurance policy is identified by policy number 42-BP-J213-9 (hereinafter "Policy").

8. The Insured Premises was built circa 1960 and has served as Ms. Hare's residence since she purchased it in 1998. The Insured Premises is a one-story wood frame structure clad with brick veneer and siding, and it is constructed over a partial slab-on-grade, crawlspace and basement foundation system. At all times material hereto, Ms. Hare resided in the Insured Premises with her granddaughter, Felicia Ranellucci.

9. The Policy provides insurance coverage for fire loss to the Insured Premises and personal property therein. More specifically, the Policy provides coverage for the dwelling, personal property, loss of use and additional coverages with the following limits of liability:

| Coverage | | Limit of Liability |
|---|---|---|
| A. | Dwelling | $226,300 |
| | Dwelling Extension | Up to $22,630 |
| B. | Personal Property | $169,725 |

2

C.    Loss of use                  Actual Loss Sustained
              Additional Living Expense    Up to 24 months

10. Pursuant to the Policy, Ms. Hare paid an annual premium to State Farm in exchange for insurance coverage. At all times material hereto, Ms. Hare paid the required premiums.

11. On December 11, 2012, an accidental fire occurred at the Insured Premises resulting in an insured loss. The Insured Premises sustained fire and smoke damage to the structure and permanent damage and/or destruction of personal property (hereinafter "Loss").

12. Ms. Hare promptly reported the Loss to State Farm.

13. After the Loss, Ms. Hare fulfilled all of the duties imposed upon her by the Policy. On February 8, 2013, Ms. Hare, through undersigned counsel, submitted a formal claim for the Loss, which included estimates from three contractors and a personal property inventory.

14. Marc Tomaiuoli, estimator for State Farm, conducted a scope of the Insured Premises and prepared an estimate to repair or replace the structure. The amount of this estimate was $147,869.77. On May 12, 2013, 93 days after Ms. Hare presented a formal claim for the Loss, she received, through undersigned counsel, State Farm's structure estimate. On May 23, 2013, State Farm remitted payment to Ms. Hare in the amount $122,350.45 for the actual cash value of the estimate to repair or replace the Insured Premises in accordance with its estimate.

15. State Farm's scope and inspection of the property was untimely, substantially inadequate and State Farm failed to properly inspect the crawlspace of the Insured Premises to determine if the structural integrity of the structure was compromised as a result of the fire. Consequently, Ms. Hare engaged a public adjuster, First Call Claims, Inc. (hereinafter "First Call").

16. First Call conducted a scope of the Insured Premises and prepared an estimate

3

identifying additional missed scope regarding damage and work that must be performed to restore the Insured Premises to its pre-loss condition. The amount of this estimate was $53,700.89.

17. On June 18, 2013, First Call's estimate was submitted to State Farm. State Farm revised its original estimate increasing it to the amount of $157,095.35 to repair or replace the Insured Premises. On September 3, 2013, State Farm remitted payment to Ms. Hare for the actual cash value of the increase in its estimate in the amount of $6,835.67. By this time, State Farm still had not conducted an adequate scope of the crawlspace of the Insured Premises to determine whether the structural integrity of the structure was compromised as a result of the fire. Furthermore, State Farm only agreed to pay for removal of the brick veneer in the rear of the home near the kitchen, in spite of the fact that evidence of smoke discoloration and odor was present in the insulation and discoloration was also present on the back of the brick veneer and mortar caused by smoke in the cavity space.

18. Due to State Farm's failure to properly inspect the Insured Premises, Ms. Hare engaged J. Michael Vines, PE, SE with Structural Engineering & Inspections, LLC to perform an inspection. On September 11, 2013, Mr. Vines inspected the Insured Premises and determined the structural integrity of the Insured Premises was compromised due to the fire. In summary and without limitation, Mr. Vines developed the following opinions and conclusions regarding the damage in the crawlspace and brick veneer: i) the crawlspace foundation walls along the rear, left and front of the crawlspace were damaged by the heat of the fire; ii) the foundation walls must be repaired, and, at a minimum, the top two to three courses of block must be removed and replaced; iii) smoke from the fire entered the wall cavity along the front and back of the crawlspace escaping through the vents in the foundation wall as well as the door opening

4

in the rear wall; iv) the brick veneer must be removed to allow access to replace damaged sheathing from the exterior of the structure; and v) removal and replacement of the brick veneer will address any smoke or soot deposited on the back of the brick veneer.

19. First Call prepared a revised estimate based on Mr. Vines' opinions, conclusions and recommendations identifying damage and work that must be performed to restore the Insured Premises to its pre-loss condition. The amount of this estimate was $62,590.30.

20. On November 19, 2013, First Call's revised estimate was submitted to State Farm. On November 27, 2013, State Farm revised its estimate once again and increased the estimate to $180,225.55 to repair or replace the Insured Premises.

21. State Farm's estimate remains inadequate in that it refuses to compensate Ms. Hare for damage and work that must be performed to restore the Insured Premises to its pre-loss condition. Furthermore, upon information and belief, State Farm improperly utilizes new construction pricing opposed to residential/restoration pricing resulting in a deficient estimate.

22. Ms. Hare provided State Farm with a personal property inventory when she submitted a formal claim for the Loss on February 8, 2013. On July 19, 2013, 161 days after Ms. Hare submitted a formal claim for the Loss, State Farm remitted the amount of $54,270.59 for a portion of personal property damage itemized in the personal property inventory. State Farm has failed to provide adequate compensation to Ms. Hare for the personal property coverage as required by the Policy.

### IV. Causes of Action

### Count 1 – Breach of Contract

23. Paragraphs one through 22 of the Complaint are hereby incorporated by reference as if set forth herein pursuant to Tenn. R. Civ. P. 10.04.

5

24. The Policy issued by State Farm is a binding contract supported by consideration.

25. State Farm is in material breach of the Policy and liable to Ms. Hare in the maximum amount allowed by the Policy for the Loss. More specifically, State Farm's breach of contract includes, but is not limited to, the following:

    a) Refusal to adequately compensate Ms. Hare for dwelling coverage pursuant to the Policy;

    b) Refusal to adequately compensate Ms. Hare for damage to personal property items pursuant to the personal property coverage of the Policy;

    c) Failure to fairly and timely adjust the Loss; and

    d) Failure to compensate Ms. Hare for other coverages as may be required by the Policy.

26. As a result of State Farm's breach of contract, Ms. Hare has sustained substantial compensable losses for the amounts claimed under the Policy, as well as money damages for economic losses including, but not limited to, loss of use of the Insured Premises, loss of use of personal property and other incidental and consequential damages.

### Count II – Bad Faith

27. Paragraphs one through 26 of the Complaint are hereby incorporated by reference as if set forth herein pursuant to Tenn. R. Civ. P. 10.04.

28. State Farm's delay and failure to pay the amounts contractually owed to Ms. Hare is arbitrary and capricious and constitutes bad faith pursuant to Tenn. Code Ann. § 56-7-105 in that more than 60 days have passed since a formal claim was presented to State Farm and full payment has not been made for the Loss as required by the Policy; therefore, the 25% statutory penalty for bad faith is invoked.

6

29. State Farm's bad faith is evidenced by the following:

    a) At all times material hereto, State Farm knew, or reasonably should have known, that Ms. Hare was justifiably relying on the money and benefits due pursuant to the Policy. Nevertheless, acting with conscious disregard for Ms. Hare's rights, and with the intention of causing or willfully disregarding the probability of causing unjust and cruel hardship on her, State Farm consciously ignored Ms. Hare's valid claims and unreasonably withheld money and benefits rightfully due;

    b) State Farm's wrongful failure and refusal to adequately compensate Ms. Hare for the damage caused to the Insured Premises as a result of the Loss without conducting a reasonable investigation;

    c) State Farm's wrongful failure and refusal to adequately compensate Ms. Hare pursuant to the personal property coverage as a result of the Loss without conducting a reasonable investigation;

    d) State Farm's submission of an estimate to Ms. Hare that misrepresented the scope of damage to the Insured Premises caused by the Loss;

    e) State Farm's procrastination and delay in adjusting Ms. Hare's claim; and

    f) State Farm's failure to consider and provide payment for damage and work identified in First Call's estimates.

30. In so acting, State Farm intended to and did injure Ms. Hare in order to protect its own financial interest; therefore, it should be punished by imposition of the 25% bad faith penalty prescribed by Tenn. Code Ann. § 56-7-105(a).

### V. Prayer for Relief

**WHEREFORE, PREMISES CONSIDERED,** Plaintiff prays for the following relief:

1. For the Clerk of Court to issue proper process and that Defendant be summoned to appear and answer within the time period prescribed by the Tennessee Rules of Civil Procedure;

2. For a jury of 12 persons to be impaneled to try all issues related to this cause;

3. For a judgment against Defendant for compensatory damages in a sum to be determined by the jury;

4. For the bad faith statutory penalty prescribed by Tenn. Code Ann. § 56-7-105(a) to be imposed in an amount not to exceed 25% of the full amount to which Plaintiff is entitled under the Policy;

5. For costs of this cause, including discretionary costs, to be taxed against Defendant;

6. For pre-judgment interest; and

7. For all other, further and general relief, at law or in equity, to which Plaintiff may be entitled.

Respectfully submitted,

SOBEL, POSS & MOORE

By: *Colin B. Calhoun*
Colin B. Calhoun, BPR No. 27131
201 Fourth Avenue North, Suite 1450
Nashville, Tennessee 37219
Telephone: (615) 242-4477
Telecopier: (615) 242-4475
*Counsel for Plaintiff*